UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DOROTHY L. EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-0454-CVE-SAJ |
| | ) | |
| **CREOKS MENTAL HEALTH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion to dismiss (Dkt. # 7) as to plaintiff's claim of job discrimination under Title VII of the Civil Rights Act. 42 U.S.C. § 2000(e) et seq. Defendant challenges the complaint pursuant to Fed. R. Civ. P. 12(b)(1), asserting that this Court lacks subject matter jurisdiction. Specifically, defendant argues that the Court is without jurisdiction because plaintiff failed to file a grievance with the United States Equal Employment Opportunity Commission ("EEOC").

### I.

Plaintiff worked for defendant as a mental health counselor. Plaintiff's employment contract was terminated on March 14, 2005. Plaintiff alleges that defendant fired her because of prejudice against her religion and her disability, in violation of Title VII. 42 U.S.C. § 2000(e) et seq. Plaintiff filed a charge of discrimination with the Oklahoma Human Rights Commission ("OHRC"). Dkt. #8, Ex. A. In her charge, plaintiff accused defendant of discrimination based on religion, disability, and retaliation. Id. On May 10, 2005, an EEOC investigator wrote plaintiff a letter confirming the issuance of a Notice of Right to Sue ("Notice"). Id., Ex. B. Plaintiff filed her pro se complaint on August 9, 2005. Dkt. # 1.

**II.**

Federal courts are courts of limited jurisdiction and, as the parties seeking to invoke federal jurisdiction, plaintiffs bear the burden of proving such jurisdiction is proper. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Id. Motions to dismiss under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Business Financial Services, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting Maestas v. Lujan, 351 F.3d 1001, 1013 (10th Cir. 2003) (internal citation and quotations omitted)). In analyzing a motion to dismiss on the basis of a facial attack on the sufficiency of the complaint, a court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). However, in the case of a factual challenge under Rule 12(b)(1), the court does not presume the truthfulness of the factual allegations of the complaint but "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (citing Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)).

**III.**

Defendant attacks subject matter jurisdiction on the ground that plaintiff "has failed to timely file a grievance with the [EEOC] regarding her claims of discrimination." Dkt. # 7, at 2. After examining the record, the Court finds that plaintiff did file a timely charge of discrimination with

the proper administrative agency and received a Notice of Right to Sue from the EEOC. If defendant was not served with plaintiff's grievance, plaintiff "should not be denied her day in court because of EEOC's negligence." Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1273 (10th Cir. 2001). Accordingly, the Court finds that plaintiff has met the jurisdictional prerequisites for asserting claims under Title VII.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 7) is **denied**.

**DATED** this 21st day of June, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT