Case 4:05-cv-00454-CVE-SAJ Document 61 Filed in USDC ND/OK on 03/02/2007 Page 1 of 6

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DOROTHY L. EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-CV-0454-CVE-SAJ** |
| | ) | |
| **CREOKS MENTAL HEALTH SERVICES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

VACATED

**OPINION AND ORDER**

Now before the Court is the Motion for Extension of Time to File Notice of Appeal (Dkt. # 59). On January 25, 2007, the Court entered and Opinion and Order (Dkt. # 57) and Judgment (Dkt. # 58) granting defendant Creoks Mental Health Services, Inc.'s motion for summary judgement (Dkt. # 48). Pursuant to Fed. R. App. P. 4(a)(1)(A), plaintiff had thirty days from January 25, 2007, or until February 26, 2007 [1], to file a notice of appeal. On February 26, 2007, plaintiff filed the motion for extension of time. Plaintiff's motion is timely, see Fed. R. App. P. 4(a)(5)(A); however, for the reasons set forth below, the Court finds that plaintiff's motion should be denied.

Fed. R. App. P. 4(a)(5)(A) reads:

> The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

---

[1] The thirty-day period from January 25, 2007 ended on February 24, 2007, which was a Saturday. Thus, plaintiff had until Monday, February 26, 2007 to file the notice of appeal. See Fed. R. App. P. 26(a).

(Emphasis added). The rule makes clear that the Court has discretion whether to grant plaintiff's motion if plaintiff's motion is timely and plaintiff demonstrates either excusable neglect or good cause. According to the Tenth Circuit, "the time for taking an appeal should not be extended in the 'absence of circumstances that are unique and extraordinary.'" Bishop v.Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004) (quoting Gooch v. Skelly Oil Co., 493 F.2d 366, 370 (10th Cir. 1974)).

The factors relevant to "excusable neglect" include: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceeding; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 1206; City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994). Here, there is no evidence that plaintiff acted in bad faith by failing to file the notice of appeal within thirty days of the judgment. Further, because plaintiff filed the motion for extension of time on the last day that she could have filed a notice of appeal, the length of the delay is minimal. The short length of time suggests that the potential impact on the judicial proceedings would be no greater than any other case where the Court exercises its discretion to grant an extension of time pursuant to Fed. R. App. P. 4(a)(5)(A). Thus, the second and fourth factors weigh in plaintiff's favor.

VACATED

With respect to the first factor, the Court finds that granting the motion to extend time would certainly prejudice defendant. If the Court grants the motion, defendant will have to bear significant legal fees on appeal.[2] At the same time, the Court recognizes that, in every instance where it grants

---

[2] The Court recognizes that, even if the Court denies plaintiff's motion, defendant may bear some legal fees on appeal. The Tenth Circuit has made clear that a district court's order refusing to extend the time for filing a notice of appeal is itself an appealable final judgment. Bishop, 371 F.3d at 1206. Thus, if the Court denies plaintiff's motion, then plaintiff has a right to appeal that decision. However, the Court notes that the costs in defending an appeal

a motion to extend time, defendant will be prejudiced with increased litigation costs. Fed. R. App. P. 4(a)(5)(A) expressly permits district courts to grant motions to extend time in certain circumstances, despite this inherent prejudice to the nonmoving party. Therefore, the Court does not place substantial weight on the first factor.

The Court concludes that plaintiff's motion should be denied based primarily on the third factor: reason for delay, including whether the delay was within the reasonable control of the movant. The Tenth Circuit has noted that the third factor "remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable." City of Chanute, 31 F.3d at 1046. Here, there are two reasons advanced by plaintiff for the failure to file a notice of appeal by February 26, 2007: (1) her pro se status, and (2) she has contacted counsel who "has indicated that there are issues which may be presented upon appeal." Dkt. # 59, ¶ 3. As explained below, the Court finds that these reasons are insufficient to constitute "excusable neglect."

VACATED

First, the Court finds that plaintiff's pro se status is not, in and of itself, reason to grant her motion. As a preliminary matter, the Court questions whether plaintiff actually proceeded pro se in filing the motion for extension of time. Her motion for extension of time uses language that the Court would expect from counsel. The nature of the writing and format of the motion is inconsistent with certain of plaintiff's previous filings with this Court, see, e.g., Dkt. # 1 (Complaint); Dkt. # 36 (Motion to Avoid Further Delay of Litigation); Dkt. # 53 (Surreply to defendant's motion for summary judgment), but consistent with at least one other, see Dkt. # 8. The Tenth Circuit has held that "any ghostwriting of an otherwise pro se brief must be acknowledge by the signature of the

---

of an order denying the motion to extend time are likely substantially less than the costs of defending an appeal on merits of plaintiff's claim. Thus, granting plaintiff's motion would result in financial prejudice to defendant.

Case 4:05-cv-00454-CVE-SAJ Document 61 Filed in USDC ND/OK on 03/02/2007 Page 4 of 6

attorney involved." Duran v. Carris, 238 F.3d 1268, 1271 (10th Cir. 2001). Ghostwriting pleadings have "been met with universal disfavor in the federal courts." In re West, 338 B.R. 906, 914 (Bank. N.D. Okla. 2006); see also In re Brown, 354 B.R. 535, 542 n.36 (Bank. N.D. Okla. 2006). While this Court construes pleadings and motions of pro se plaintiffs liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), it is hesitant to give plaintiff such leeway when her status as a pro se plaintiff is in question. However, because the Court cannot reach any definitive conclusion regarding whether plaintiff has misrepresented her status as pro se, it does not base its decision to deny plaintiff's motion solely on this concern.

Even if plaintiff has not misrepresented her status as a pro se plaintiff, the Court finds that she has not shown an excusable neglect warranting an extension of time to file a notice of appeal. If plaintiff is, in fact, acting pro se in this matter, then she has demonstrated a remarkable knowledge of Court procedures. Plaintiff specifically refers to Fed. R. App. P. 4(a)(5)(A) in her motion. Thus, she was certainly aware of the time restrictions in filing a notice of appeal. Indeed, the Court is perplexed that, in lieu of filing her motion for extension of time on February 26, 2007, plaintiff did not file a timely one-line notice of appeal on that date.[3] Though the Court is incapable of ascertaining plaintiff's thought process, it is possible that plaintiff believed that her time for appeal expired on Saturday, February 24, 2007. Or perhaps plaintiff incorrectly believed that she had to file a brief along with the notice of appeal. The Supreme Court and Tenth Circuit have noted that ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391 (1993); City of

VACATED

[3] Filing the notice of appeal would not have "locked" plaintiff into proceeding with the appeal. She could have easily filed a withdrawal of her appeal if she later decided not to spend the time, energy, and money in pursuing an appeal.

Chanute, 31 F.3d at 1046. Further, mistakes by those who proceed without counsel are not necessarily excusable. McNeil v. United States, 508 U.S. 106, 113 (1993). The Court also notes that, prior to filing her motion for extension of time, plaintiff contacted counsel who "has indicated that there are issues which may be presented upon appeal." Dkt. # 59, ¶ 3. Counsel should have instructed her to file the notice of appeal within the time limits prescribed by Fed. R. App. P. 4(a)(1). Any poor advice that plaintiff may have received does not constitute "excusable" neglect.

The fact that plaintiff could not decide whether to file an appeal does not constitute a sufficient reason to grant an extension of time.[4] The need to review the record and determine whether to file an appeal "are typical prefatory steps common to the appeal process." Bishop, 371 F.3d at 1207. "These actions, which are in the control of counsel, are expected to be completed within the thirty-day period prescribed by Fed. R. App. P. 4(a)(1)." Id. The same holds true with respect to plaintiff's decision to seek counsel and file an appeal. Absent other factors such as illness, plaintiff's failure to commence this process at an earlier stage is not excusable. Therefore, the Court finds that plaintiff's proffered reasons for failing to file a timely notice of appeal do not constitute "excusable neglect."

VACATED

Further, the Court finds that plaintiff has not shown "good cause" for her failure to file a notice of appeal by February 26, 2007. The "good cause" concept in Fed. R. App. P. 4(a)(5)(A) "'take[s] account of a narrow class of cases in which a traditional "excusable neglect" analysis would be inapposite.'" Bishop, 371 F.3d at 1207 (quoting Mirpuri v. ACT Mfg., Inc., 212 F.3d 624,

---

[4] Her motion states: "Counsel has indicated there are issues which may be presented on appeal." Dkt. # 59, ¶ 3. Given the "may" language, this statement could be interpreted to mean that plaintiff and counsel are not sure whether she should pursue an appeal. This is not the only logical reading of this sentence; however, the Court will address this issue nonetheless.

Case 4:05-cv-00454-CVE-SAJ Document 61 Filed in USDC ND/OK on 03/02/2007 Page 6 of 6

630 (1st Cir. 2000)). "Good cause comes into play 'in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'" Id. (quoting the advisory committee's note to Fed. R. App. P. 4(a)(5)). This case does not present a "no fault" situation. Thus, the Court does not grant plaintiff's motion based on good cause.

In sum, the Court finds that plaintiff's motion should be denied. Though some of the "excusable neglect" factors weigh in plaintiff's favor, plaintiff has not set forth any valid reasons for the delay. As is clear by her (or counsel's) knowledge of the rules, it was well within her control to file a timely notice of appeal. The Court recognizes that "excusable neglect" is an elastic concept that is not limited strictly to omissions caused by circumstances beyond the control of movant. See City of Chanute, 31 F.3d at 1046. However, the Court cannot reasonably justify granting plaintiff's motion absent more compelling circumstances. Though this result may appear harsh, the Court finds that its decision to deny plaintiff's motion best adheres to the requirements of Fed. R. App. P. 4(a)(5)(A).

VACATED

**IT IS THEREFORE ORDERED** that Motion for Extension of Time to File Notice of Appeal (Dkt. # 59) is hereby **denied**.

**DATED** this 2nd day of March, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT