UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DOROTHY L. EDWARDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 05-CV-0454-CVE-SAJ |
| ) | |
| **CREOKS MENTAL HEALTH SERVICES,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is the Motion for Relief from Order (Dkt. # 63) filed by plaintiff Dorothy L. Edwards ("Edwards"). Plaintiff requests relief from the Court's Opinion and Order dated March 2, 2007 (Dkt. # 61) pursuant to Fed. R. Civ. P. 60(b)(6). Defendant objects to plaintiff's motion. Dkt. # 74.

On January 25, 2007, the Court entered an Opinion and Order (Dkt. # 57) and Judgment (Dkt. # 58) granting defendant's motion for summary judgment (Dkt. # 48). Pursuant to Fed. R. Civ. P. 4, Edwards had until February 26, 2007 to file a timely notice of appeal. Instead of filing a notice of appeal, however, plaintiff, representing herself as appearing pro se, filed a motion for extension of time to file her notice of appeal (Dkt. # 59) on February 26, 2007. In an Opinion and Order dated March 2, 2007 (Dkt. # 61), the Court suggested that plaintiff did not actually appear pro se in filing the motion for extension of time, but that an attorney had "ghostwritten" the motion for plaintiff. Thus, the Court was hesitant to afford plaintiff the leeway normally given to pro se plaintiffs. See Dkt. # 61, at 4. The Court found that the only reasons set forth in the motion – plaintiff's alleged pro se status and her statement that there "may" be issues for appeal – were insufficient to constitute

either excusable neglect or good cause under Fed. R. App. P. 4(a)(5)(A)(ii). Thus, the Court denied plaintiff's motion for an extension of time. It noted that, although the result was harsh, "the Court cannot reasonably justify granting plaintiff's motion absent more compelling circumstances." Dkt. # 61, at 6.

In her current motion for relief from the March 2, 2007 order, plaintiff's counsel, Valerie J. Evans ("Evans"), confirmed that she had written plaintiff's February 26, 2007 motion for extension of time to appeal. Dkt. # 63, ¶ 12. Evans notes that, at the time, plaintiff had not retained her as counsel for appeal. Dkt. # 63, at 4 n.1. Evans erroneously believed that "the assistance provided was not substantive or material enough to disclose her participation in the case." Dkt. # 63, at 4. Evans assures the Court that "[t]here was no intent to deceive either the court or opposing counsel." Dkt. # 63, at 5-6. The Court is satisfied that Evans did not aid plaintiff in bad faith. However, Evans is instructed that, in the future, she should disclose her assistance in drafting a motion or other filing with the Court when aiding a pro se litigant.

In her current motion, plaintiff sets forth additional facts that were not previously before the Court when it entered its March 2, 2007 order. Specifically, plaintiff informs the Court that she sought counsel following the entry of judgment in defendant's favor. While John Butler ("Butler") agreed to aid her in the appeal, plaintiff missed her appointments with him because she was ill. Butler later refused to serve as counsel on appeal because plaintiff had missed her scheduled appointments. She finally sought guidance from Evans, who indicated that there were appealable issues. Although plaintiff did not officially retain Evans as counsel for the appeal because she lacked sufficient funds, Evans advised plaintiff that she should either file a notice of appeal or a motion for extension of time. Plaintiff filed the motion for extension of time because she believed,

2

based on the erroneous advice of Evans, that she would have to file the appeal fee with the notice of appeal and could not afford the fee. Finally, plaintiff notifies the Court that her anxiety disorder continues to plague her. Evans notes that she aided plaintiff in drafting the February 26, 2007 motion, in part, because plaintiff was "so distressed." Dkt. # 63, ¶ 13.

Plaintiff now requests relief under Fed. R. Civ. P. 60(b)(6), which provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . . (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(6). In general, Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2002)). More specifically, Rule 60(b)(6) is a "catchall rule" and has been described as a "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir.1991) (quoting Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975) (en banc)). This provision "is restricted to reasons other than those enumerated in the previous five clauses." Zurich N. Am., 426 F.3d at 1293 (quoting United States v. Buck, 281 F.3d 1336, 1341 (10th Cir. 2002)). It ought be used "only when it offends justice to deny such relief." Yapp v. Excel Corp., 186 F.3d 1222, 1232 (10th Cir. 1999) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996)).

The Court finds that the circumstances of this case are such that justice demands relief under Rule 60. As a preliminary matter, the Court notes that it would have granted plaintiff's February 26, 2007 motion for extension of time if plaintiff had set forth even some of the facts that are now before the Court, such as her illness and her continued emotional distress throughout this appeal

process. See, e.g., United States v. Andrews, 790 F.2d 803, 806 (10th Cir. 1986) (finding excusable neglect where filing delay occurred because defendant was ill and not represented by counsel). Based on the facts set forth in the current motion, the Court is satisfied that plaintiff made substantial efforts to timely appeal this Court's January 25, 2007 opinion and order. Those efforts were thwarted, in part, due to sickness beyond her control. Further, the Court notes that plaintiff's financial position has affected her ability to retain counsel prior to this point. It is partly based on her financial position that plaintiff – albeit erroneously – filed a motion for extension of time instead of a notice of appeal. At the time that it denied plaintiff's motion for extension of time to file an appeal, the Court was unaware of plaintiff's illness[1] and the extent of her financial troubles.

The Court is aware that the facts set forth in the pending motion are not "new" in that plaintiff could have presented those facts in her February 26, 2007 motion. Further, the Court is aware that plaintiff received erroneous advice from Evans regarding filing fees for the notice of appeal. In its previous order, the Court noted that ignorance of the rules and poor advice from counsel does not usually constitute excusable neglect. Likewise, Evan's ignorance of the rules alone does not constitute reason to grant relief under Rule 60(b). Nonetheless, here, the combination of facts – illness, erroneous legal advice, plaintiff's anxiety disorder, and plaintiff's genuine efforts to obtain legal counsel – convinces the Court that plaintiff ought be able to appeal this Court's January 25, 2007 order. Justice would not be served if plaintiff were denied the opportunity to appeal as a result of her illness and financial limitations. Therefore, because the enumerated reasons

---

[1] The Court was, of course, aware that plaintiff suffered from an anxiety disorder. This fact was part of plaintiff's underlying Title VII claim. However, the Court did not have any information regarding plaintiff's illness that prevented her from meeting with Butler.

in Rule 60(b)(1) through (5) are not directly applicable, the Court exercises its discretion to grant relief pursuant to Rule 60(b)(6).

The Court further finds that plaintiff has shown "excusable neglect" under Fed. R. Civ. P. 4(a)(5)(A) and is entitled to an extension of time to file a notice of appeal. The facts currently before the Court present "more compelling circumstances," Dkt. # 61, at 6, that were not before the Court when it entered its March 2, 2007 opinion and order. Plaintiff is instructed that she shall have ten (10) days from the entry of this order, or until April 20, 2007, to file a notice of appeal. That notice of appeal must specify: (1) the party or parties taking the appeal, (2) the judgment, order, or part thereof being appealed, and (3) name the court to which the appeal is taken. See Fed. R. App. P. 3(c).

**IT IS THEREFORE ORDERED** that the Motion for Relief from Order (Dkt. # 63) is hereby **granted**. The Court hereby **vacates** its Opinion and Order (Dkt. # 61) dated March 2, 2007.

**IT IS FURTHER ORDERED** that plaintiff shall have until **April 20, 2007** to file a notice of appeal. Plaintiffs and/or counsel should notify the Circuit Court that the March 2, 2007 opinion and order that is the subject of the prior notice of appeal (Dkt. # 69) has been vacated.

**DATED** this 10th day of April, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT